UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawrence Crawford, | ) | C/A No. 0:07-3861-TLW-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. Andrew Simpson, et al., | ) | **Report and Recommendation** |
| | ) | |
| Respondent. | ) | |

Petitioner, proceeding *pro se*, brings this action titled Motion and or Affidavit for a Writ of Mandamus and Motion to Motion Therefor. Petitioner is an inmate at the Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The petition names "Dr. Andrew Simpson, et. al." as the Respondent.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The



requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Petitioner indicates that he filed a negligence action in state court against Dr. Simpson (Respondent). Petitioner further alleges that he won a monetary judgment against the Respondent, but that a state court judge is withholding payment of the funds. Petitioner also discusses documents in his state civil case that were allegedly destroyed, and claims "the judge and parties involved" are retaliating against Petitioner for filing various federal and state lawsuits. Petitioner asks this Court to compel the state court judge to "sign that order and render judgment by default." *See* Petition, page 7.

## Discussion

The Petitioner is seeking a writ of mandamus from the United States District Court for the District of South Carolina. Mandamus is a drastic remedy to be used only in extraordinary circumstances. See *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Further, mandamus relief is only available when there are no other means by which the relief sought could be granted, *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. *In re Catawba Indian Tribe*, 973 F.2d 1133, 1135 (4th Cir. 1992). A party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989); *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

> "The party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4)



there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001), *(citing United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511(4th Cir. 1999)).

The Petitioner fails to establish that he is clearly and indisputably entitled to mandamus relief, and no extraordinary circumstances are presented by the Petitioner to warrant the drastic remedy of a writ of mandamus. Additionally, it is significant that Petitioner requests mandamus relief against a state court/state court judge, while 28 U.S.C. § 1361 only grants to District Courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, §1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d at 510 ("Thus, the language of § 1361 . . . provides the basis, when federal actors are involved, for federal jurisdiction over an action based on the writ.") Federal courts, therefore, cannot use § 1361 to issue a writ against a state court/state court judge, as Petitioner seems to request.

Should Petitioner look to 28 U.S.C. § 1651, the "all writs statute", as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). In *Gurley*, a district court denied a writ of mandamus, brought by a state prisoner to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. On appeal, the United States Court of Appeals for the Fourth Circuit concluded that both the Fourth Circuit Court of Appeals and the United States District Court were without jurisdiction to issue a writ of mandamus because they exercised no supervisory authority over the state courts of North Carolina. Since the Petitioner here



also requests mandamus relief against a state court/state court judge, the United States District Court for the District of South Carolina lacks jurisdiction under 28 U.S.C. § 1651 and/or § 1361 to issue a writ of mandamus, and the petition is subject to dismissal.

### Recommendation

Accordingly, it is recommended that the Court dismiss the petition in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.

Petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

February 5, 2008
Columbia, South Carolina

p4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

